**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY SMITH,<br><br>           Plaintiff,<br><br>v.<br><br>JILL R. COHEN, ESQ., et al.,<br><br>           Defendants. | Civil Action No. 20-7249 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Danny Smith's civil complaint. (ECF No. 1.) As this Court previously granted Plaintiff's *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

Plaintiff is a state prisoner currently confined in the Camden County Jail. (ECF No. 1 at 3-4.) In his complaint, Plaintiff seeks to raise federal civil rights claims against his appointed criminal defense attorney, Jill R. Cohen, and a deputy public defender, Defendant Leslie McNair-Jackson, for alleged failures to provide "adequate representation" in his underlying criminal matter. (*Id.* at 4-9.) Essentially, Plaintiff contends that Cohen bungled several pre-trial motions,

and McNair-Jackson did not step in to help when Plaintiff raised Cohen's alleged failings to the attention of the public defender's office. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. <u>DISCUSSION</u>

In his complaint, Plaintiff seeks to raise federal civil rights claims against his criminal attorney and a supervising deputy public defender for alleged ineffective assistance of counsel in his underlying criminal proceedings pursuant to 42 U.S.C. § 1983. Criminal defense attorneys, including both public defenders and appointed criminal counsel, however, are absolutely immune from suit under § 1983 for actions taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). As all of Plaintiff's claims arise out of the actions or inactions of Defendants in their capacity as his criminal defense attorney or in overseeing the representation provided by Plaintiff's criminal attorney, Defendants are absolutely immune from suit under § 1983, and Plaintiff's complaint is dismissed with prejudice in its entirety.[1]

---

[1] To the extent that Plaintiff believes that his criminal attorneys have been deficient in their performance, he may seek relief from the state criminal courts on that ground or pursue a state law claim for attorney malpractice in state court.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4